IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-05017-05-CR-SW-MDH |
| ) | |
| MALEANA LEE WILLHITE, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on October 14, 2020 to 144 months imprisonment following a guilty plea for conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded by one point the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). In the present case, it appears application of the amended § 4A1.1(e) would reduce Defendant's criminal history score from seventeen to sixteen. This adjustment, however, would impact neither Defendant's criminal history category nor the guidelines range. Defendant is therefore ineligible for a reduction in sentence and Defendant's Motion is **DENIED**.

1

**IT IS SO ORDERED**.

DATED: May 30, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**